```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

EARL L. MOORE,                  )
                                )
       Plaintiff,               )
                                )
vs.                             )
                                )    No. 05-2500 BP
MARVA J. DAVIS and GREGORY E.   )
BRYANT,                         )
                                )
       Defendants.              )
_____

                    REPORT AND RECOMMENDATION
_____
```

Before the court is plaintiff Earl Moore's Request for Rule 11 Sanctions, filed December 2, 2005 (dkt #10). The matter was referred to the Magistrate Judge for report and recommendation. For the reasons below, the court recommends that plaintiff's motion be DENIED.

### I.   PROPOSED FINDINGS OF FACT

Moore filed a pro se complaint on July 14, 2005, alleging that Marva Davis, an attorney, failed to provide competent representation in a divorce action involving Moore in Arkansas state court. Moore alleges further that he hired attorney Gregory Bryant to appeal an adverse ruling in the divorce action and that Bryant failed to file a timely notice of appeal. Moore claims that the alleged malpractice by the defendants caused Bryant $250,000 in

lost income damages.  In response to Moore's complaint, Bryant filed a motion to dismiss on November 3, 2005.  Bryant argues that the Western District of Tennessee does not have jurisdiction over Moore's claims, and contends that venue in this court is improper. On November 9, 2005, Davis filed a motion to dismiss Moore's complaint, similarly challenging this court's jurisdiction and venue over Moore's case.  Davis argues further that Moore's complaint should be dismissed due to defective service.

Moore filed the present motion on December 2, 2005, asking the court to sanction Bryant and Davis pursuant to Fed. R. Civ. P. 11. Moore argues that the defendants' motions to dismiss based on improper venue and lack of jurisdiction are frivolous and not justified by existing law.  He seeks $350.00 in sanctions, which is the amount he purportedly spent preparing his response to the defendants' motions to dismiss.

## II.  PROPOSED CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 11 authorizes the district court to award sanctions:

> (1) when a party presents pleadings, motions or papers to the court for an improper purpose, (2) if the claims, defenses or other legal contentions therein are not warranted by existing law or a nonfrivolous extension of the law, or (3) if the allegations and other factual contentions therein do not have evidentiary support.

Elfelt v. United States, 149 Fed. Appx. 402, 409-410 (6th Cir. 2005).

Fed. R. Civ. P 11(c)(1)(A) outlines the requirements for

filing a motion for sanctions. A motion for Rule 11 sanctions "shall describe the specific conduct alleged to violate" the Rule and must be served on the offending party at least 21 days before it is filed with the court. Fed. R. Civ. P. 11(c)(1)(A). "If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court." Anderson v. Williamson, No. 96-5123, 1996 U.S. App. LEXIS 29115, at *8 (6th Cir. Nov. 5, 1996)(unpublished)(quoting Fed. R. Civ. P. 11 advisory committee's notes (1993)). These provisions create a "safe harbor" and allow a party or counsel to avoid sanctions by withdrawing the challenged claims or representations. Ridder v. City of Springfield, 109 F.3d 288, 294 (6th Cir. 1997). This "safe harbor" provision is a mandatory procedural prerequisite to filing a Rule 11 motion for sanctions, and failure to provide such notice to the opposing party defeats the movant's Rule 11 motion. Ridder, 109 F.3d at 296. Here, Moore does not assert – nor is there any indication in the record – that he provided Bryant or Davis with adequate prior notice of his intent to file for sanctions under Rule 11. The court, therefore, submits that Moore's motion be DENIED on these grounds.

Moreover, even if the court were to consider the merits of Moore's motion, the court submits that Rule 11 sanctions are inappropriate in this case. "The test for imposition of Rule 11

sanctions is whether the litigant's conduct was reasonable under the circumstances." Id. at 410; see also Caisse Nationale De Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994) (internal citations omitted) ("An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an 'objective standard of reasonableness,' it is 'clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.'").  Rule 11 sanctions should not be applied against a party "whose only sin was being on the unsuccessful side of a ruling or judgment," Dura Systems, Inc. v. Rothbury Invest., Ltd., 886 F.2d 551, 556 (3d Cir. 1989), but instead should be applied to deter litigants from offering frivolous and objectively unreasonable filings and arguments. Palazzolo v. Benson, No. 95-1067, 1996 U.S. App. LEXIS 12444, at *6 (6th Cir. April 3, 1996) (unpublished).

    Defendants allege, and Moore apparently does not dispute, that the underlying divorce action in which Bryant and Davis represented Moore took place in Arkansas.  Moore argues, however, that this court has jurisdiction over his complaint because both defendants have purposefully availed themselves of the Tennessee market by their use of internet advertising, and that venue is proper in this district because Moore is a Cordova, Tennessee resident.  Although these disputes relating to jurisdiction and venue will be decided by the district court, see Asahi Metal Industry Co. v. Superior

Court of California, 480 U.S. 102, 108-109 (1987), for purposes of deciding this motion for sanctions, this court submits that the defendants' position regarding jurisdiction and venue are not frivolous and are objectively reasonable.  See e.g., Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 890 (6th Cir. 2002)("The level of contact with a state that occurs simply from the fact of a website's availability on the Internet is . . . an 'attenuated' contact that falls short of purposeful availment."); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997)(citation omitted)("[S]o far as we are aware, no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state."); Winfield Collection, Ltd. v. McCauley, 105 F.Supp.2d 746, 750 (E.D. Mich. 2000)("[T]he use of the Internet alone is no more indicative of local jurisdictional contacts than an isolated advertisement in a nationally-distributed magazine.").

### III.  RECOMMENDATION

For the reasons above, the court recommends that plaintiff's Request for Rule 11 Sanctions be DENIED.

Respectfully Submitted.

                                        S/ Tu M. Pham
                                        _____
                                        TU M. PHAM
                                        United States Magistrate Judge

                                        March 8, 2006
                                        _____
                                        Date

**NOTICE**
**IF ANY PARTY HAS ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT, THAT PARTY MUST FILE THOSE OBJECTIONS OR EXCEPTIONS WITHIN TEN (10) DAYS AFTER RECEIVING A COPY OF THIS REPORT.  28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**